# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| JAMES HALE, | § |
| | § |
| Plaintiff, | § CIVIL ACTION NO. 4:19-CV-00363-RWS |
| | § |
| v. | § |
| | § |
| BRITTON T. BROOKS, | § |
| | § |
| Defendant. | § |

## ORDER

Plaintiff James Hale, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. § 1983 complaining of alleged violations of his constitutional rights. Specifically, Hale alleges that Defendant Brooks threatened to cut Hale's head off if he didn't accept the plea bargain during his criminal case. Plaintiff claims that he was coerced, that his plea bargain was breached, and that he is actually innocent. This Court referred the case to the Honorable Christine A. Nowak, United States Magistrate Judge, at Sherman, Texas, pursuant to 28 U.S.C. § 636(b)(1) and (3) and the Amended Order for Adoption of Local Rules and the Assignment of Duties to the United States Magistrate Judge.

Pursuant to 28 U.S.C. § 1915A, the Magistrate Judge reviewed Hale's pleadings and determined that the lawsuit challenges Hale's underlying criminal conviction. Docket No. 31 at 2–3. Accordingly, to recover damages for an allegedly unconstitutional conviction or imprisonment, Hale must show that the challenged conviction or sentence has been reversed, expunged or otherwise declared invalid. *Id.* at 3 (citing *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994)). Having not done so, Hale's claim for monetary damages is barred by *Heck* until he can

show that the conviction or sentence has been overturned, expunged or otherwise set aside, including through calculating the sentence as concurrent rather than consecutive.

The Magistrate Judge further considered the applicability of the doctrine of absolute immunity for Brooks. Docket No. 31 at 3 (citing *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994)). Because District Attorney Brooks is entitled to prosecutorial immunity, he is immune from suit and Hale's claims against him fail to state a claim upon which relief may be granted and are frivolous because they lack any basis in law or fact. *Id.* (citing *Boyd*, 31 F.3d at 284–85; *Brooks v. George Cnty., Miss.*, 84 F.3d 157, 168 (1996)).

The Court has considered the Report and Recommendation of the United States Magistrate Judge, along with the record and pleadings. Hale acknowledged receipt of the Report and Recommendation on December 26, 2019. No parties filed objections to the Report and Recommendation. Accordingly, Hale is not entitled to *de novo* review by the District Judge of those findings, conclusions and recommendation, and except upon grounds of plain error, he is barred from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. 28 U.S.C. § 636(b)(1)(C); *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

Nonetheless, the Court has reviewed the pleadings in this case and the Report of the Magistrate Judge and agrees with the Report of the Magistrate Judge. *See United States v. Raddatz*, 447 U.S. 667, 683 (1980) ("[T]he statute permits the district court to give to the magistrate's proposed findings of fact and recommendations 'such weight as [their] merit commands and the sound discretion of the judge warrants . . . .'") (quoting *Mathews v. Weber*, 23 U.S. 261, 275 (1976)).

The Court hereby **ADOPTS** the Report and Recommendation of the United States Magistrate Judge as the findings and conclusions of this Court. Accordingly, it is

**ORDERED** that the action is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). Hale's claims against Defendant Britton Brooks are **DISMISSED WITH PREJUDICE**.

**So ORDERED and SIGNED this 10th day of February, 2020.**

*[Signature: Robert W. Schroeder III]*
ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE